**CHICAGO, R. I. & P. R. CO. v. W. T. HALES & CO.**

No. 11106—Opinion Filed April 3, 1923.

(Syllabus.)

1. **Carriers — Live Stock Shipment—Care by Carrier—Effect of Contract.**
   Where a shipment of live stock was made under special contract providing that the shipper should assume all risks and expense of feeding and watering, and the carrier is aware that the shipper is not accompanying the animals to care for them, it is its duty to give them proper attention the same as though no contract for care by the shipper had been made.

2. **Same — Damages — Negligence — Burden of Proof.**
   Where a shipment of live stock is made under special contract providing that the shipper will care for the animals and attend to feeding and watering them, and the carrier is aware that the shipper is not accompanying the animals to care for them and undertakes to feed and water them, the special contract does not change the general rule that proof of delivery to carrier in good condition and delivery by the carrier at destination in bad condition makes a prima facie case of negligence and the burden is on the defendant to overcome such prima facie case.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by W. T. Hales & Company, a co-partnership composed of W. T. Hales, T. A. Hales, and E. R. Hales, against the Chicago, Rock Island & Pacific Railway Company for damages. Judgment for plaintiff, and defendant brings error. Affirmed.

C. O. Blake, A. T. Boys, W. R. Bleakmore, and W. F. Collins, for plaintiff in error.

Wilson, Tomerlin & Threlkeld, for defendants in error.

COCHRAN, J. This was an action brought by the defendants in error, hereinafter referred to as plaintiffs, against the plaintiff in error, hereinafter referred to as defendant, to recover the value of 25 head of horses which were delivered by the plaintiffs to the defendant for shipment from Oklahoma City to Lake City, Fla.

The undisputed testimony shows that the horses were delivered to the defendant in sound condition at Oklahoma City, and at the time of the delivery to the plaintiffs 25 head were dead. The testimony tends to show that the animals died from forage poison. A judgment was rendered in the trial court for the plaintiffs, and defendant has appealed, and contends that the animals were shipped under a special contract by which the shipper assumed the risk of feeding the animals in transit, that the burden of proof was on the shipper to prove negligence on the part of the defendant, and that there was no sufficient evidence of negligence on the part of the carrier shown. All of the contentions of the defendant rest upon the effect to be given to the special shipper's contract, which provided in the fourth paragraph, among other things, the following:

"That the second party shall assume all risks and expense of feeding, watering, bedding, and otherwise caring for the live stock covered by this contract while in cars, yards, pens, or elsewhere, and shall load and unload the same at his expense and risk."

The portion of the tariffs applicable to live stock shipments provides:

"Care of Live Stock by Owners. Owners of live stock must care for shipments while in transit, at their own expense and risk, and the expense of caring, feeding, and watering, if advanced by any of the lines over which the shipments pass, must be paid on delivery at destination by the owner or consignee, in addition to contract rate."

The defendant in its brief concedes that in the absence of the provisions of special contract and the tariff, if this shipment had been delivered to the defendant in good condition and received at destination in bad condition, the burden would be on the defendant to overcome the prima facie case of negligence. In the case of Patterson v. M., K. & T. Ry. Co., 24 Okla. 747, 104 Pac. 31, this court as part of the syllabus of the case states:

"If the shipper specially agrees, as a part of the contract of transportation, that he or his agents will care for the animals and attend to feeding and watering them, the carrier is thereby relieved from liability so far as opportunity of caring for, feeding and watering the animals is afforded him. And, if damages result from the failure of the shipper under such circumstances to have the animals cared for, he cannot hold the carrier responsible. Nevertheless, if the carrier is aware that no one is accompanying the animals to care for them, its duty to give them proper attention is the same as though no contract for care by the shipper has been made."

In Mering v. Southern Pacific Co. (Cal.) 119 Pac. 80, an animal was shipped under special contract in which the shipper agreed to accompany her and feed and water her, and agreed:

"That in no event 'is first party * * * to be liable for any loss or damage to said live stock not proven to have been caused by the gross negligence of the first party in performance of, or failure to perform, some duty which under the terms of this contract is due from first party to second party as to said live stock."

In this case the plaintiff proved the delivery to the carrier in sound condition and delivery at destination in bad condition, and defendant insisted that this was not a sufficient showing of negligence under the provisions of the special contract above set out, and the court in passing on that question said:

"It is insisted by appellant that this evidence made out a prima facie case on the part of plaintiff of gross negligence which

cast upon defendant the onus of disproving the prima facie case so made, and we think this contention must be sustained.

"It is not contended by respondent that if the mare had been shipped under an ordinary bill of lading, and was delivered at Redwood City in the dying condition which the evidence disclosed, that, on a showing by a plaintiff of her being in a healthy condition when shipped and arriving at her destination in an injured condition, the burden of proving that the injury or death of the animal was not occasioned by any want of care on the part of defendant would devolve upon defendant. Counsel for respondent, however, insists that under the special contract entered into between the parties and which provided that the defendant should not be liable for any loss or damage not proven to have been caused by the gross negligence of the defendant, the burden of proving that the injury or loss resulted from gross negligence was upon the plaintiff.

"But we think that the evidence offered by plaintiff was sufficient to make out a prima facie case of gross negligence on the part of defendant, casting the burden of proof on it to show that the death of the mare was not occasioned by such negligence on its part. While the plaintiff under the contract assumed the duty of accompanying, feeding, and watering the mare, he did not in fact accompany her. His agreeing to do so did not relieve the defendant from the duty of properly caring for the animal during her transportation, and proper care involved feeding and watering her during the long period which the evidence shows she was upon the cars. * * * As the defendant was in exclusive control of the mare during transportation, the duty was cast upon it to feed and water her, and as a reasonable inference from the facts testified to, including the testimony of the veterinary surgeon, is that her dying condition when delivered was attributable to a failure to do this, there was a sufficient prima facie showing of gross negligence on the part of the plaintiff casting the burden of proof upon the latter to overcome the prima facie case against defendant so made."

We see no good reason for departing from the rule announced in Patterson v. M., K. & T. Ry. Co., supra, to the effect that even though a contract providing for the shipper to assume the risk and expense in feeding and caring for the live stock is entered into, nevertheless, if the carrier is aware that no one is accompanying the animals to care for them, it is its duty to give them proper attention as though no contract for their care by the shipper has been made. If the duty of the carrier under this character of contract, under such circumstances, is the

same, there is no reason why a prima facie case is not made. out against the defendant by showing delivery to the carrier in good condition and delivery at destination in bad condition under a contract like the one in the instant case just the same as under an ordinary contract for delivery.

We are of the opinion that the instructions of the trial court correctly stated the law applicable to the facts in this case, and we are also of the opinion that the evidence was sufficient to justify the jury in finding that the prima facie case of negligence was not overcome by the testimony of the defendant.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and KANE, KENNAMER, and NICHOLSON, JJ., concur.