**DAVIS, Director General R. R., v. MILLER.**

No. 14022—Opinion Filed Oct. 28, 1924.

Rehearing Denied Dec. 23, 1924.

1. **Carriers—Live Stock Shipment—Contract for Care by Shipper—Duty of Carrier in Absence of Shipper.**

Where a shipment of live stock was made under special contract, providing that the shipper should assume all risks and expense of feeding and watering, and the carrier is aware that the shipper is not accompanying the animals to care for them, it is its duty to give them proper attention the same as though no contract for care by the shipper had been made.

2. **Same—Action for Negligent Treatment of Stock—Prima Facie Case.**

Where a shipment of live stock is made under special contract, providing that the shipper will care for the animals and attend to feeding and watering them, and the carrier is aware that the shipper is not accompanying the animals to care for them and undertakes to feed and water them, the special contract does not change the rule that proof of delivery to carrier in good condition and delivery by the carrier at destination in bad condition makes a prima facie case of negligence, and the burden is on the defendant to overcome such prima facie case.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Nowata County; Charles W. Mason, Judge.

Action by John Miller against J. C. Davis,

Director General of Railroads, operating the Missouri Pacific Railroad, for the sum of $476.60, as damages. Judgment for plaintiff. Defendant brings error. Affirmed.

Thomas B. Pryor and W. L. Curtis, for plaintiff in error.

R. M. Godfrey, for defendant in error.

Opinion by THOMPSON, C. This is an appeal from a judgment of the district court of Nowata county, Okla., obtained by John Miller, defendant in error, plaintiff below, against J. C. Davis, Director General of Railroads, operating Missouri Pacific Railroad, plaintiff in error, defendant below, for the sum of $476.60 for damages sustained by the loss of 16 head of hogs shipped by defendant in error over the railroad of plaintiff in error.

The parties will be referred to in this opinion as plaintiff and defendant as they appeared in the lower court.

The plaintiff seeks to recover the value of 16 head of hogs, which were delivered by the plaintiff to the defendant for shipment from Watova, Okla., to Kansas City, Mo. The undisputed testimony shows that the hogs were delivered to the defendant in good condition, and that, at the time of delivery in Kansas City, 16 head of them were dead. The testimony shows that the animals died from suffocation and congestion of the lungs, that the plaintiff shipped the hogs with the distinct understanding that neither he nor any of his employes or agents should accompany the shipment; that he was prevented from wetting down the bedding by the orders of the conductor of the defendant's train, although he had the water hauled to the car in barrels for that purpose, the conductor himself agreeing to wet down the sand, which constituted the bedding, when he arrived at Nowata. The evidence is conflicting as to whether the conductor and trainmen complied with this agreement or not. The jury found its general verdict in favor of the plaintiff and against the defendant for the amount sued for. Judgment was rendered by the trial court upon said verdict from which the defendant has appealed, and contends that the animals were shipped under contract by which the shipper assumed the risk of feeding, watering, bedding, and otherwise caring for the live stock covered by the contract while the stock was in the cars, yards, pens, or elsewhere, and pleaded for fourth paragraph of the contract, which provided, among other things, that, under the tariffs applicable to live stock shipments, the own-

er of the live stock must care for the shipment while in transit at his own expense and risk, and complains that the defendant was not permitted to introduce said special live stock contract or the certified copy of the rules of the Interstate Commerce Commission applicable thereto, and complains that certain instructions asked for by defendant were refused to be given by the court, and complains that certain instructions were improperly given by the court.

All the disputed questions of fact were settled by the verdict of the jury, and if there is any evidence reasonably tending to support the verdict of the jury, the verdict will not be disturbed by this court on appeal. This is the established rule adopted by this court.

The legal questions involved here seem to have been determined adversely to the contention of defendant in this case by this court in two well considered cases, which are as follows: Patterson v. M., K. & T. Ry. Co., 24 Okla. 747, 104 Pac. 31, and C., R. I. & P. Ry. Co. v. W. T. Hales & Co., 89 Okla. 130, 214 Pac. 170. In the first case, cited supra, it was held:

"If the shipper specially agrees, as a part of the contract of transportation, that he or his agents will care for the animals and attend to feeding and watering them, the carrier is thereby relieved from liability so far as opportunity of caring for, feeding, and watering the animals is afforded him. And, if damages result from the failure of the shipper under such circumstances to have the animals cared for, he cannot hold the carrier responsible. Nevertheless if the carrier is aware that no one is accompanying the animals to care for them, its duty to give them proper attention is the same as though no contract for care by the shipper has been made."

And, in the last cited case, this court held:

"Where a shipment of live stock was made under special contract providing that the shipper should assume all risks and expense of feeding and watering, and the carrier is aware that the shipper is not accompanying the animals to care for them, it is its duty to give them proper attention the same as though no contract for care by the shipper has been made.

"Where a shipment of live stock is made under special contract, providing that the shipper will care for the animals and attend to feeding and watering them, and the carrier is aware that the shipper is not accompanying the animals to care for them and undertakes to feed and water them, the special contract does not change the rule that proof of delivery to carrier in good condition and delivery by the carrier at destination in bad condition makes a prima facie case of negligence, and the burden is on the defendant to overcome such prima facie case."

In the instant case the plaintiff proved the delivery to the carrier of the hogs in sound condition, and the delivery at the destination with 16 of them dead, and that the death of the hogs was caused by suffocation and congestion of the lungs, and that this was caused by the bedding not being wetted down at the time they were loaded, which he was prevented from doing, although he had the water at the car to do so, by the orders of the conductor of the train of the defendant, and that the conductor assumed the duty to do this necessary thing to protect the shipment as soon as he arrived in Nowata, Okla., which is a short distance from Watova, and there is evidence that he did not perform this duty, either there or at Lenapah, or on the arrival in Coffeyville, Kan., although the testimony on part of the defendant contradicts this. The defendant contends that this was not sufficient showing of negligence under the provisions of the special contract, but, in view of the decisions of this court, above quoted, when the carrier, or its agents, knew that the shipment was unaccompanied by the shipper, it was the duty of the defendant, its agents, and employes to give proper attention to the stock, accepted by it for shipment, and for a still stronger reason the defendant should have properly prepared the bedding, as it agreed to do.

It is also contended that the court committed reversible error in not admitting the contract, the tariff rules provided by the Interstate Commerce Commission.

We are of the opinion that the contract should have been admitted, but, under the evidence in this case, we hold that, notwithstanding the provision of the contract, yet, under the circumstances presented here, the defendant must be held liable to the shipper for damages resulting to the shipment by the acts of both omission and commission of the servants, agents, and employes of defendant, with regard to this special shipment, independently of the contract, and we do not find that the refusal to admit the evidence complained of was such an error as would justify reversal of the judgment in this case.

We see no good reason for departing from the rule announced in the cases of Patterson v. M., K. & T. Ry. Co., and the C., R. I. & P. Ry. Co. v. Hales & Co., supra, to

the effect that even though a contract, providing for the shipper to assume the risk and expense of bedding, feeding, watering, and caring for the live stock, is entered into, nevertheless, if the carrier is aware that no one is accompanying the animals to care for them, it is the duty of the carrier to give them proper attention as though no contract for their care by the shipper has been made, and where a shipment is delivered in good condition and delivery at destination is in bad condition, as shown in this case, it establishes a prima facie case of negligence on part of the carrier.

We have examined the instructions refused and the instructions given by the trial court, and we are of the opinion that the instructions given fully covered the case and clearly stated the law applicable to the facts in the case, and we are of the opinion that the evidence was sufficient to justify the jury in finding in favor of the plaintiff and against the defendant in this cause.

We are, therefore, of the opinion that the judgment of the lower court should be and is hereby affirmed.

By the Court: It is so ordered.